IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GARY FUTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-01041-JDB-egb |
| | ) | No. 1:12-cr-10131-JDB-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Gary Futrell, a federal prisoner, has filed a motion under 28 U.S.C. § 2255 asking the Court to vacate, set aside, or correct his sentence ("Petition"). (Case Number ("No.") 15-cv-1041, Docket Entry ("D.E.") 1.) He claims that his sentence was based on a miscalculation of his criminal history points. (*Id.* at PageID 2.) For the reasons set forth below, the Petition is DISMISSED.

**BACKGROUND**

In December 2012, a federal grand jury returned a four-count indictment against Futrell and others. (No. 12-cr-10131, D.E. 2.)[1] The indictment charged Petitioner with Conspiracy to Manufacture a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); Aiding and Abetting the Manufacture of a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of

---

[1] Hereinafter, record citations to Petitioner's civil case, 15-cv-1041, will not contain the case number, while citations to documents filed in Futrell's criminal case, 12-cr-10131, will include the case number.

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2); Aiding and Abetting the Possession of Pseudoephedrine with the Intent to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c) and 18 U.S.C. § 2 (Count 3); and Aiding and Abetting the Possession of Equipment, Chemicals, Products, and Materials with the Intent to Manufacture Methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 (Count 4). (*Id.*, D.E. 2 at PageID 5-8.)

Futrell entered a guilty plea to all four counts of the indictment without the benefit of a plea agreement. (*Id.*, D.E. 126.) The United States Probation Office prepared a Presentence Report ("PSR") in which two points were added to the defendant's criminal history score pursuant to the United States Sentencing Commission, *Guidelines Manual*, § 4A1.1(d) (Nov. 2013) ("U.S.S.G" or "guidelines").[2] (PSR at ¶¶ 16, 33.)

On February 26, 2014, the Court sentenced the defendant to 135 months of incarceration on each of Counts 1, 2, and 3 of the indictment, to run concurrently, and imposed a concurrent 120-month sentence on Count 4. (No. 12-cr-10131, D.E. 149.) Petitioner took no appeal from his judgment of conviction or sentences.

On February 26, 2015, the defendant filed his Petition with this Court, asserting a single ground for relief. (D.E. 1 at PageID 2.) The government filed a response opposing the Petition. (D.E. 5.) Futrell did not file a reply, although he was allowed to do so. (D.E. 4.)

**DISCUSSION**

In his sole claim, Petitioner alleges that his sentence is based on an incorrect calculation of his criminal history points. (D.E. 1 at PageID 2.) Specifically, he insists that U.S.S.G. § 4A1.1(d) does not apply to him. (D.E. 1-2 at PageID 11-12.) That guideline provision provides

---

[2] Sentencing courts are to consider the guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). All references in this order are therefore to the guidelines in effect on the date of Futrell's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 2013). Citations are in the abbreviated form "U.S.S.G."

for a two-point enhancement in a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A 1.1(d).

According to Futrell, he did not, as the PSR stated, (PSR at ¶ 33), commit the federal offenses while on probation from a Carroll County criminal conviction for possession of controlled substances. (D.E. 1-2 at PageID 12.) He alleges that "[t]he federal offense[s] . . . w[ere] committed on October 9, 2012," but his 11-month and 29-day period of probation was imposed on October 28, 2010, and expired on October 27, 2011. (*Id.*) Respondent argues that the claim is not cognizable and that, in any event, the underlying allegation of miscalculation is without merit. (D.E. 5 at PageID 21-23.) The Court agrees with Respondent.[3]

Petitioner seeks resentencing pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A prisoner seeking to vacate his sentence under § 2255 "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97

---

[3] A § 2255 petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). An evidentiary hearing on Futrell's claim is not necessary, as it fails as a matter of law and is otherwise belied by the record in his criminal case.

(6th Cir. 2003)). The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

"Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996)). A petitioner must "[n]ormally" make such objections "on direct appeal or they are waived." *Id.* (citing *United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir. 1994)).

If the claim is one of nonconstitutional error, a petitioner may find "relief from the consequences of waiver" only where the error amounts to "a violation of due process." *Grant*, 72 F.3d at 506. "[M]istakes in the application of the sentencing guidelines" are "nonconstitutional errors [which] . . . will rarely, if ever" constitute a denial of due process. *Id.* Such errors are thus normally not cognizable in § 2255 proceedings. *Id.*; *see also United States v. Lankford*, Nos. 99-5870, 99-6075, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) (unpublished) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief." (citing *Grant*, 72 F.3d at 506)); *Chandler v. United States*, No. 2:13-cv-02646, 2016 WL 2766678, at *5 (W.D. Tenn. May 12, 2016) (denying challenge to "Court's calculation of the sentencing guidelines").

The sole claim, here, is not cognizable in this § 2255 proceeding. The defendant did not raise the issue in a direct appeal, and thus waived it. *See Grant,* 72 F.3d at 506. He is not entitled to "relief from the consequences of [that] waiver," *id.*, as he has not shown, or even tried to explain, how the alleged misapplication of the advisory guidelines denied him due process. *See e.g.*, *Jackson v. United States*, Nos. 1:08-cr-71-HSM-SKL, 1:12-cv-195-HSM-SKL, 2015 WL 13501495, at *3 (E.D. Tenn. Aug. 14, 2015) (citing *Grant*, 72 F.3d at 506) (holding challenge to guidelines range calculation was not cognizable in § 2255 proceeding where

petitioner did "not allege[], and the record [did] not indicate, any extraordinary circumstances rising to the level of a due process violation . . . .").

Even if the claim were properly before the Court, it is without merit. As Respondent points out, (D.E. 5 at PageID 23), the assertion that § 4A1.1(d) was inapplicable is belied by the record. The evidence before the Court at sentencing supported the conclusion that the defendant was involved in the federal offenses during the time he was on probation for his Carroll County conviction. The counts of the federal indictment charged offenses "[b]eginning at a time unknown to the Grand Jury," but "at least until" or "through at least" "on or about October 9, 2012." (No. 12-cr-10131, D.E. 2 at PageID 5-7.) The PSR states that Petitioner admitted to law enforcement officers after his arrest that "he had been manufacturing methamphetamine for about two years and that he was cooking methamphetamine daily." (PSR at ¶ 10.) The PSR thus concludes that he "committed the instant offense while on supervised probation" in the Carroll County case. (*Id.* at ¶ 33.)

The defendant did not object to the PSR's findings or conclusions in his original position paper on the PSR, (No. 12-cr-10131, D.E. 145), or his supplemental position paper, (*id.*, D.E. 148). To the contrary, defense counsel told the Court at sentencing that "[t]he guidelines are correctly calculated," (*id.*, D.E. 156 at PageID 295), and "we ha[ve] no objections either factual or legal to the presentence investigation report, so we would anticipate that Your Honor would adopt it as its findings of fact and conclusions of law for purposes of sentencing," (*id.*, D.E. 156 at PageID 279).[4] Futrell also confirmed in open court that he had reviewed a copy of the PSR with his attorney. (*Id.*, D.E. 156 at PageID 296.) When given an opportunity by the undersigned

---

[4] Futrell could have obtained review of the sentencing issue under § 2255 by alleging that his counsel rendered ineffective assistance. *See Grant*, 72 F.3d at 506 ("If [the sentencing] claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668 . . . (1984)."). He did not bring such a claim.

to lodge any objections, he did not do so. (*Id.*, D.E. 156 at PageID 296-97.) His allegation that the criminal history points were incorrectly calculated is thus contradicted by the record. *See e.g. United States v. Baker*, 559 F.3d 443, 449-50 (6th Cir. 2009) (holding that "the district court did not err in applying the enhancement to defendant's criminal history score under § 4A1.1(d)" where, among other things, the "Defendant did not object to [the PSR's] factual finding" that he "was on probation for DUI and possession of marijuana at the time he committed the offense for which he pleaded guilty").

For these reasons, the Petition is DISMISSED. Judgment shall be ENTERED for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, No. 17-1340, 2017 WL 5623347, at *1 (6th Cir. Nov. 22, 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

IT IS SO ORDERED this 7th day of December 2017.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.